

FILED & ENTERED

DEC 20 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>BRIAN J. COOK and VICTORIA VELASQUEZ COOK,<br><br>                                       Debtor. | No. 2:15-bk-10768-RK<br><br>Chapter 7<br><br>Adv. No. 2:15-ap-01323-RK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION OF PLAINTIFF EDWARD FRANOWICZ FOR ORDER AWARDING ATTORNEY'S FEES AND COSTS** |
| EDWARD FRANOWICZ, et al.,<br>                   Plaintiffs,<br>             vs.<br>BRIAN J. COOK,<br>                   Defendant. | |

Having reviewed and considered the motion of Plaintiff Edward Franowicz for order awarding attorney's fees and costs, filed on September 9, 2019 (Electronic Case Filing Number (ECF)) 130), the unredacted billing entries of the law firm of Hinds and Shankman, filed on November 14, 2019, and the lack of timely written opposition of

-1-

Defendant Brian J. Cook to the motion by the extended deadline of November 27, 2019 as stated in the court's order of November 6, 2019, the court grants in part and denies in part the motion as follows:

1. The legal basis for granting the motion in part and denying it in part is set forth in the court's findings of fact and conclusions of law, ECF 128 at 25-30, which the court incorporates by reference here, and provides for making an award of attorneys' fees and costs to Plaintiff Edward Franowicz pursuant to California Code of Civil Procedure §§ 1021, 1032 and 1033.5 based on the contractual agreements that he and Defendant Brian J. Cook signed regarding the purchase, sale and lease of the subject real property, Sales Contract, Trial Exhibit 3, ¶21, Option Agreement, Trial Exhibit 4, ¶14, and Lease Agreement, Trial Exhibit 5, ¶40.  These attorney's fees provisions provided that "[i]n any action, proceeding, or arbitration between [Franowicz and Cook] arising out of [the agreement], the prevailing [party] shall be entitled to reasonable attorney fees and costs from the non-prevailing [party]." *Id.*  In this litigation arising out of these agreements, Franowicz was the prevailing party, and Cook was the non-prevailing party.

2. The court also deems the lack of timely written opposition by Defendant Brian J. Cook as consent to a ruling adverse to him in granting the motion in part pursuant to Local Bankruptcy Rule 9013-1(h).

3. The motion is denied as to the fees requested for the legal services of the law firm of White and Bright LLP in the amount of $2,810.87 because the evidence consisting of the firm's invoice and the declaration of Plaintiff Edward Franowicz is insufficient to show that the fees were for services reasonably necessary to the conduct of litigation arising out of the contract agreements.  There are only vague references in the invoice to "Review of Addendum" which are insufficient to show that the fees relate to legal services

rendered on behalf of Plaintiff Edward Franowicz in an action, proceeding or arbitration arising out of the contractual agreements.  The invoice does not contain billing entries showing the date service was rendered, a description of the service, the amount of time spent, and the identification of the person who rendered service, which would provide information for the court to determine the reasonableness of the fees.  See Local Bankruptcy Rule 2016-1(a)(1)(E). Moreover, there is no indication in this evidence that the services related to an action arising out of the contractual agreements between Franowicz and Cook.

4. The motion is granted as to the fees requested for the legal services of the Ginder Law Group in the amount of $1,335.00 because the evidence consisting of billing entries and the declaration of Plaintiff Edward Franowicz is sufficient to show that the fees were for services of this law firm representing Plaintiff Edward Franowicz reasonably necessary to the conduct of litigation arising out of the contractual agreements relating to the specific performance action filed by Franowicz against Cook and based on the court's review, the fees are reasonable in amount.  California Code of Civil Procedure § 1021, 1032, 1033.5(a)(10)(A) and 1033.5(c)(3).

5. The motion is granted as to the fees requested for the legal services of the law firm of Baker, Burton & Lundy in the amount of $31,572.94 because the evidence consisting of billing entries and the declaration of Plaintiff Edward Franowicz is sufficient to show that the fees were for services of this law firm representing Plaintiff Edward Franowicz reasonably necessary to the conduct of litigation arising out of the contractual agreements relating to the landlord-tenant action brought by Cook against Franowicz, and based on the court's review, the fees are reasonable in amount.  California Code of Civil Procedure § 1021, 1032, 1033.5(a)(10)(A) and 1033.5(c)(3).

6. The motion is granted as to the fees requested for the legal services of the Law Offices of Kirk J Retz, APC in the amount of $44,350.49 because the evidence consisting of billing entries and the declaration of Plaintiff Edward Franowicz is sufficient to show that the fees were for services of this law firm representing Plaintiff Edward Franowicz reasonably necessary to the conduct of litigation arising out of the contractual agreements relating to the landlord-tenant action brought by Cook against Franowicz, and based on the court's review, the fees are reasonable in amount.  California Code of Civil Procedure § 1021, 1032, 1033.5(a)(10)(A) and 1033.5(c)(3).

7. The motion is granted as to the fees requested for the legal services of the Greenberg, Whitcombe, Gibson & Grayver in the amount of $25,707.70 because the evidence consisting of billing entries and the declaration of Plaintiff Edward Franowicz is sufficient to show that the fees were for services of this law firm representing Plaintiff Edward Franowicz reasonably necessary to the conduct of litigation arising out of the contractual agreements relating to the landlord-tenant action brought by Cook against Franowicz and the specific performance action brought by Franowicz against Cook, and based on the court's review, the fees are reasonable in amount.  California Code of Civil Procedure § 1021, 1032, 1033.5(a)(10)(A) and 1033.5(c)(3).

8. The motion is granted in part and denied in part as to the fees requested for the legal services of Hinds & Shankman, LLP and allowed in the amount of $460,607.98 (the requested amount of $484,850.51 reduced by 5 percent, or $24,242.53) because the evidence consisting of the firm's unredacted billing entries and the declaration of Plaintiff Edward Franowicz is sufficient to show that the fees were for services mostly, but not completely, reasonably necessary to the conduct of litigation arising out of the contractual agreements, and based on the court's review, the fees are mostly reasonable

in amount. California Code of Civil Procedure § 1021, 1032, 1033.5(a)(10)(A) and 1033.5(c)(3). Reasonable attorneys' fees are normally measured by the lodestar method which multiplies a reasonable hourly rate by the reasonable hours of services rendered. Wegner, Fairbank and Epstein, *Rutter Group California Practice Guide: Civil Trials and Evidence,* ¶¶17:915 – 17:916 (online edition, September 2019 update); *see also, Castro v. Han (In re Han),* Adv. No. 2:11-ap-02632 RK, 2015 WL 5610886 (Bankr. C.D. Cal., September 22, 2015). The court has considered the hourly rates charged by the attorneys of Hinds & Shankman and finds that the rates are reasonable for purposes of California Code of Civil Procedure § 1021, 1032, 1033.5(a)(10)(A) and 1033.5(c)(3). The court has reviewed the voluminous billing entries submitted by the firm in support of Plaintiff's request for an award of attorneys' fees for the firm's services, consisting of 460 pages with an average of 10 billing entries per page, or approximately 4600 separate billing entries. Having reviewed the firm's billing entries, the court has a good sense of the reasonableness of the fees as a whole and exercises its discretion to impose a small reduction in fees no greater than 10 percent, a "haircut," without a more specific explanation based on a lodestar analysis as recognized in *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008). *See also, Gonzalez v. City of Maywood,* 729 F.3d 1196, 1203 (9th Cir. 2013) (same, citing *Moreno*). Although the firm exercised appropriate billing judgment and appears to have acted in good faith for the most part, there were some problems in the exercise of billing judgment in this case, and thus, the court exercises its discretion to reduce fees by 5 percent. In the court's view, this was not a difficult case involving dischargeability of debt based on fraudulent misrepresentations by Defendant and specific performance of a contract for the sale and purchase of a single parcel of real property, which

did not present complex legal or factual issues.  Two attorneys worked on the litigation, and in the court's review, one attorney was enough.  It seemed to the court that the associate attorney could have worked on the matter alone with minimal supervision by the partner supervisor, but both attorneys substantively worked on the case, which resulted in some duplication of effort and some inefficiencies.  For example, it is inefficient for both attorneys to work on the same tasks, such as reviewing all the pleadings and orders filed in the litigation and to meet or otherwise communicate with the clients, which occurred sometimes.  Sometimes the firm mitigated the redundancy by only charging fees for one attorney when both attorneys performed the same task, but not always.  The court also noted that in some instances, the firm charged for an attorney to do basic research, such as looking up the court's local rules or the Federal Rules of Bankruptcy or Civil Procedure, and to perform clerical nonattorney tasks.  In the court's view, not all of the downloading and sending files to clients was reasonable, particularly at a partner billing rate, and not all of the conferencing between the two attorneys was adequately explained and justified.

9. The motion is granted as to the costs of the expenses requested for the legal services of Hinds & Shankman, LLP for transcription fees, court reporter fees, photocopying and scan fees, postage, overnight shipping fees, messenger fees, expert fees (Stephen Speier and Robert Griswold (retainer)), CourtCall telephone appearance charges, parking costs for court appearances, and PACER court file electronic access charges incurred by Plaintiff Edward Franowicz in the amount of $26,058.22 in this bankruptcy case and this adversary proceeding because the evidence consisting of the invoices and the declaration of Plaintiff Edward Franowicz is sufficient to show that the costs were reasonably necessary in the conduct of litigation arising out of the

contractual agreements in this adversary proceeding and in the underlying bankruptcy case and based on the court's review, the costs were reasonable in amount. California Code of Civil Procedure § 1032 and 1033.5; 28 U.S.C. § 1920; *see also, Wyatt Technology Corp. v. Malvern Instruments, Inc.,* No. CV 07-8298 ABC (RZx), 2010 WL 11404472 (C.D. Cal., June 17, 2010), slip op. at *2-4 (in some circumstances, reasonable out-of-pocket expenses normally charged to a client may be recoverable even if not taxable pursuant to 28 U.S.C. § 1920, so long as those expenses are customarily charged to the client), *citing Grove Wells Fargo Financial California, Inc.,* 606 F.3d 577, 579-582 (9th Cir. 2010). In this regard, the court notes that under California Code of Civil Procedure § 1033.5(b)(1), fees of experts not ordered by the court are not allowable costs, and this would apply to fees for Plaintiff's experts Griswold and Speier since they were not ordered by the court, and such fees are not taxable costs under 28 U.S.C. § 1920, Local Bankruptcy Rule 7054-1(d) and the Court Manual. Plaintiff does not cite any authority for allowance of such costs other than California Code of Civil Procedure § 1032 providing that costs may be recovered by contract. In this regard, the court also notes that under California Code of Civil Procedure § 1033.5(b)(3) and (5), postage, telephone and photocopying charges (including overnight express mail costs), except for exhibits, transcripts of court proceedings not ordered by the court and fees of experts not ordered by the court are not allowable, and this would apply to many of the costs claimed by Plaintiff. However, under 28 U.S.C. § 1920, fees for transcripts, fees for exemplification and the costs of making copies of any materials "necessarily obtained for use in the case" are taxable as costs, though use at trial may be a prerequisite (as opposed to the convenience of counsel). *See* Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials*

and Evidence, ¶¶ 19:170 – 19:174 (online edition, June 2019 update), citing inter alia, Kalitta Air L.L.C. v. Central Texas Airborne System Inc., 741 F.3d 955, 959 (9th Cir. 2013) and Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990); see also, Banas v. Volcano Corp., 47 F.Supp.3d 957, 979 (N.D. Cal. 2014)(deducting 50% of copying costs for "lack of detail").  Regarding whether costs otherwise not allowable under California law may be recovered pursuant to contract, one treatise has commented: "A contract provision allowing the prevailing party to recover 'all necessary expenses' (or similar language) arguably may permit an award of expert witness fees not ordered by the court and other items not recoverable as attorney fees or as court costs under CCP § 1033.5." Wegner, Fairbank and Epstein, Rutter Group California Practice Guide: Civil Trials and Evidence, ¶17:926 (online edition, September 2019 update).  As this treatise further noted: "The [California] Supreme Court has noted: 'Our present analysis, which involves statutory construction, may not be dispositive in a matter involving the effect of a contractual agreement for shifting litigation costs, which turns on the intentions of the contracting parties." [Davis v. KGO-T.V., Inc. (1998) 17 C4th 436, 446-447, 71 CR2d 452, 457, fn. 5 (emphasis added)(disapproved on other grounds in Williams v. Chico Valley Independent Fire Dist. (2015) 61 Cth 97, 105-107, 186 CR3d 826, 832-833)]." Id.  Finally, this treatise observed:  "Courts are split on whether such expenses authorized by contract must be specially pleaded and proven at trial or instead can be awarded through the normal procedures for requesting and taxing costs.  [See Carwash of America-PO LLC v. Windswept Ventures No. 1, LLC, [(2002)] 97 CA4th [540] at 544, 118 CR2d [536] at 538---under contract authorizing award of 'all reasonable costs and fees' of litigation, expert witness fees could not be awarded as item of 'costs' unless pleaded

and proven separately; compare *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 CA4th 1050, 1065, 111 CR3d 173, 186---when 'sophisticated parties' specifically provide for recovery of expert witness fees 'in a freely negotiated contract,' such fees may be recovered by including them on memorandum of costs and proving them if motion to tax costs is filed]." *Id.* In this case, many of the costs claimed by Plaintiff are not allowable costs under California Code of Civil Procedure § 1033.5, such as most of the photocopying and postage charges, and the transcript and expert witness fees not ordered by the court. Such costs are arguably allowed by contract, though the case law is unsettled. In *Carwash of America* and *Mariners Mile Gateway,* the courts held that such costs may be allowed where there are sophisticated contracting parties, which is not the case here since the parties were not sophisticated business parties, and that such costs may not be allowed unless specifically pleaded and proven at trial, and neither of these two cases specifically supports Plaintiff's request here. Moreover, it is arguable that the lack of detail to explain how the photocopying and scan charges (here no explanation was given other than stating the amounts for "Photocopying Charges" and "Scan Charges") were "necessarily obtained for use in the case" and thus, taxable as costs under 28 U.S.C. § 1920, such as for use at trial, deposition or other hearing as opposed to just the convenience of counsel or the client. *See Kalitta Air L.L.C. v. Central Texas Airborne System Inc.,* 741 F.3d at 959 (use or exemplification generally means use at trial and not for the convenience of counsel and the court); *Banas v. Volcano Corp.,* 47 F.Supp.3d at 979; *see also,* California Code of Civil Procedure § 1033.5(c)(2). Nevertheless, the court will hold that these costs are allowable in most part pursuant to federal law under 28 U.S.C. § 1920, which allows transcript and photocopying charges "necessarily

obtained for use in the case" as taxable costs and are otherwise arguably allowable by contract as stated above. The court makes this ruling in large part because such costs are not disputed by Defendant pursuant to Local Bankruptcy Rule 9013-1(h). However, in any event, the court disallows claimed attorney meal costs of $44.96 incurred on July 26, 2016 as non-taxable, unreasonable litigation costs as not within reasonable contemplation of the contractual agreements.

10. The motion is granted as to the cost of fees for mediation incurred by Plaintiff Edward Franowicz in the amount of $800.00 in the state court action related to the Sales Contract in *Franowicz v. Cook,* No. YC069159 (Superior Court of California, County of Los Angeles) because the evidence consisting of the invoice of the mediator, Peter J. Lesser, and the declaration of Plaintiff Edward Franowicz is sufficient to show that the cost was reasonably necessary to the conduct of litigation arising out of the contract agreements and based on the court's review, the cost was reasonable in amount. Although the mediator's fees are not specifically allowable or not allowable under California Code of Civil Procedure § 1033.5, the court may allow such costs in the exercise of its discretion pursuant to California Code of Civil Procedure § 1033.5(c)(4). For the same reasons that the court has allowed the litigation costs in the adversary proceeding pursuant to the contractual agreements under California Code of Civil Procedure §§ 1032 and 1033.5 as discussed above, the court will allow these costs.

11. The motion is granted as to the costs of depositions, deposition transcripts and court reporters incurred by Plaintiff Edward Franowicz in the amount of $3,377.87 in the state court action related to the Sales Contract in *Franowicz v. Cook,* No. YC069159 (Superior Court of California, County of Los Angeles) and in this adversary proceeding because the evidence consisting of the

invoices and the declaration of Plaintiff Edward Franowicz is sufficient to show that the costs were reasonably necessary to the conduct of litigation arising out of the contract agreements and based on the court's review, the costs were reasonable in amount. For the same reasons that the court has allowed the litigation costs in the adversary proceeding pursuant to the contractual agreements under California Code of Civil Procedure §§ 1032 and 1033.5 as discussed above, the court will allow these costs.

12. The motion is granted as to the cost of the fees of Robert Griswold, the expert witness for Plaintiff Edward Franowicz, in the amount of $18,438.70, for work in rendering an expert opinion on the standard of care of Defendant Brian J. Cook and his agents in the real estate transactions relating to the contract agreement because the evidence consisting of the expert witness's invoice and the declaration of Plaintiff Edward Franowicz is sufficient to show that the cost was reasonably necessary to the conduct of litigation arising out of the contract agreements, and based on the court's review, the cost was reasonable in amount. For the same reasons that the court has allowed the litigation costs in the adversary proceeding pursuant to the contractual agreements under California Code of Civil Procedure §§ 1032 and 1033.5 as discussed above, the court will allow this cost.

13. As set forth herein, the court awards attorneys' fees and costs in favor of Plaintiff Edward Franowicz and against Defendant Brian J. Cook.

///

14. Having issued its findings of facts and conclusions of law on the adversary complaint and this order ruling on the motion for attorney's fees, the court directs Plaintiff Edward Franowicz to lodge a proposed final judgment in this adversary proceeding within 30 days of the date of entry of this order.

IT IS SO ORDERED.

### 

Date: December 20, 2019

Robert Kwan
United States Bankruptcy Judge